**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PETER GANIARIS, individually and d/b/a SHERBAN'S DINER, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

No. 26cv771 (EP) (JSA)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

This action arises from remediation work at the Cornell-Dubilier Electronics Superfund Site near Sherban's Diner in Middlesex County, New Jersey. Plaintiffs Peter Ganiaris, individually and d/b/a Sherban's Diner, and Elpida LLC allege that remediation work performed by the United States Environmental Protection Agency ("EPA") and its contractor, Defendant Sevenson Environmental Services, Inc. ("Sevenson"), disturbed a rodent population, resulting in an infestation at the diner that caused property damage and business losses. D.E. 1 ("Compl.") ¶¶ 15–28. Plaintiffs assert seven tort claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, and additional state law tort claims against Sevenson.[1] *See id.* ¶¶ 34–65.

Pending before the Court are (1) the Report and Recommendation ("R&R") of the Honorable Jessica S. Allen, U.S.M.J., recommending dismissal without prejudice of Elpida LLC's claims for failure to retain counsel, D.E. 22 (the "R&R"); and (2) the United States' Motion to

[1] Plaintiffs' FTCA claims concern alleged acts and omissions of the EPA. Because the United States is the only proper defendant in an FTCA action, however, the United States—not the EPA—is named as the federal Defendant. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

Dismiss Counts I through VII of the Complaint brought under Federal Rule of Civil Procedure 12(b)(1),[2] D.E. 13-1 ("Motion" or "Mot.").[3]

For the reasons below, the Court will **ADOPT** the R&R in its entirety. The Court also provides notice to all parties that it will convert the United States' Motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

## I. THE R&R

Peter Ganiaris filed this action *pro se* on behalf of himself and Elpida LLC. Because a corporate entity may appear in federal court only through licensed counsel, Ganiaris, who is not an attorney, cannot represent Elpida LLC. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (holding that a non-attorney sole member of an LLC could not represent the entity). Accordingly, on August 3, 2026, Judge Allen ordered Elpida LLC to retain counsel and have counsel enter an appearance by September 3, 2026. D.E. 16. The Order expressly warned that failure to do so would result in a recommendation that Elpida LLC's claims be dismissed. *Id.*

Also on August 3, 2026, Ganiaris separately requested a thirty-day extension of his deadline to oppose the United States' pending Motion. D.E. 17. Ganiaris explained that he was in the process of retaining counsel and required additional time for counsel to enter an appearance and prepare an opposition, and that he was scheduled to undergo a medical procedure. *Id.* The Court granted that request and extended Ganiaris's deadline to oppose the Motion to September 8, 2026. D.E. 18. Ganiaris did not seek and the Court did not order an extension of the September 3, 2026 deadline for Elpida LLC to retain counsel. *See* D.Es. 17 & 18.

[2] Unless stated otherwise, all references to "Rules" are to the Federal Rules of Civil Procedure.

[3] The United States filed its notice of motion at D.E. 13.

Elpida LLC did not retain counsel or have counsel enter an appearance by the September 3, 2026 deadline. *See* Dkt. On September 17, 2026, Judge Allen issued the R&R now before the Court, concluding that Elpida LLC could not proceed without counsel and recommending that its claims be dismissed without prejudice. D.E. 22.

A magistrate judge may submit proposed findings of fact and recommendations for the disposition of a dispositive matter to the district judge. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). A party may file specific written objections to those proposed findings and recommendations within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2). Where no timely objection is filed, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that a district court should give a magistrate judge's report and recommendation "some reasoned consideration" before adopting it); *see also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (explaining that, even absent objections, the district court retains responsibility to make an informed and final determination on a report and recommendation). The district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(c)(2).

No party filed an objection to the R&R within the fourteen-day period. *See* Dkt. The Court has therefore reviewed the R&R and the record for clear error and finds none. Judge Allen correctly concluded that Elpida LLC cannot proceed in this action without licensed counsel. *See Rowland*, 506 U.S. at 201–02; *Dougherty*, 469 F. App'x at 72. Moreover, Elpida LLC received more than thirty days to obtain counsel, was expressly warned that failure to do so would result in

a recommendation of dismissal, and nevertheless failed to have counsel enter an appearance. Judge Allen therefore appropriately recommended dismissal without prejudice. The Court will **ADOPT** the R&R and **DISMISS** Elpida LLC's claims ***without prejudice***.

## II. THE UNITED STATES' MOTION TO DISMISS

### A. Background

The facts relevant to the Motion concern Ganiaris's administrative tort claim against the EPA. Ganiaris alleges that the EPA's remediation work at and near Sherban's Diner from January 23 through February 2, 2023, caused a rodent infestation and resulting property damage and business losses. Compl. ¶¶ 15–28. On April 17, 2024, Ganiaris submitted an administrative claim to the EPA seeking $105,658. Compl. ¶ 29; *see* D.E. 13-2. The EPA denied that claim on October 4, 2024, and Ganiaris requested reconsideration on January 22, 2025, increasing his claim to not less than $600,000. Compl. ¶¶ 30, 33; *see* D.Es. 13-4 & 13-6.

The present dispute concerns the disposition of that reconsideration request. The Complaint alleges that Plaintiffs were not notified of the disposition until July 25, 2025, and that this action was filed within six months of that notice. Compl. ¶¶ 6–7. The United States, however, relies on materials outside the Complaint—including a declaration from EPA attorney Kenneth A. Redden, agency correspondence, and United States Postal Service tracking information—to establish that the EPA mailed its final denial to Ganiaris by certified mail on or about April 10, 2025. *See generally* D.Es. 13-7 to 13-14.[4] Those materials also reflect that, after an inquiry in July 2025, the EPA emailed a copy of the April 10 denial and sent another copy by certified mail. *See* D.Es. 13-10 to 13-14.

[4] D.E. 13-14 is a declaration from Redden, which the Court refers to as the "Redden Declaration."

The United States argues that the April 2025 mailing triggered the FTCA's six-month limitations period, making this action, filed on January 23, 2026, untimely. Mot. at 13–16. It further argues that equitable tolling does not apply. *Id.* at 15–17. Ganiaris did not oppose the Motion despite receiving an extension through September 8, 2026. *See* D.E. 18.

**B. Legal Standards**

*1. Rule 12(b)(1)*

Rule 12(b)(1) tests the Court's power to hear a claim. A challenge to subject matter jurisdiction may be facial or factual. A facial attack accepts the pleaded facts for purposes of the motion and argues that those facts do not establish jurisdiction; a factual attack instead disputes the facts on which jurisdiction depends and permits the Court to consider evidence outside the pleadings. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016); *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

When a defendant raises a factual jurisdictional attack, no presumption of truthfulness attaches to the plaintiff's allegations, and the plaintiff bears the burden of establishing that jurisdiction exists. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The Court may consider and weigh evidence outside the pleadings and resolve disputed jurisdictional facts as necessary to determine its authority to hear the case. *Id.*

*2. The FTCA's limitations period and Rule 12(d)*

The FTCA imposes two timing requirements. A claimant must present an administrative tort claim to the appropriate federal agency within two years after the claim accrues and, if the agency denies the claim, file suit in federal court within six months after the date the agency mails notice of final denial by certified or registered mail. 28 U.S.C. § 2401(b); *Sconiers v. United States*, 896 F.3d 595, 598–99 (3d Cir. 2018). Only the second requirement is at issue here.

Although the United States moves under Rule 12(b)(1), that Rule does not provide the proper vehicle for its statute of limitations defense. Section 2401(b)'s time limits are nonjurisdictional and subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 405, 412 (2015). The Court therefore may not resolve the Government's timeliness challenge as a factual attack on subject matter jurisdiction under Rule 12(b)(1).

A statute of limitations defense may be raised under Rule 12(b)(6), but only when the time bar is apparent from the face of the pleading. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). If "the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

If a court considers matters outside the pleadings in resolving a Rule 12(b)(6) motion, Rule 12(d) requires that the motion be treated as one for summary judgment under Rule 56 and that all parties receive a reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(d). The Third Circuit likewise requires adequate notice before a court resolves a converted motion under Rule 56. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287–88 (3d Cir. 1999).

**C. Analysis**

The United States brings its Motion under Rule 12(b)(1) and characterizes its § 2401(b) challenge as both facial and factual. Mot. at 10–11. The United States argues that its factual challenge permits the Court to "weigh and consider evidence outside the pleadings" in determining whether Ganiaris timely filed this action. *Id.* at 11.

To prevail on its limitations defense, the United States must establish that the EPA mailed its final denial of Ganiaris's administrative claim by certified or registered mail more than six months before Ganiaris commenced this action. *See* 28 U.S.C. § 2401(b). Because Ganiaris filed this action on January 23, 2026, the critical question is when the EPA mailed the final denial.

The Complaint does not include allegations as to when the EPA mailed its final denial by certified mail. The United States contends that the EPA did so on or about April 10, 2025, and relies on evidence outside the Complaint—including the Redden Declaration, EPA correspondence concerning the mailing, and USPS tracking information—to establish that fact. *See* Mot. at 8–9, 14; D.E. 13-7 to 13-10, Redden Decl. The Government thus relies on extrinsic evidence to establish the mailing date that, in its view, triggered § 2401(b)'s six-month limitations period.

The procedural route the United States employs in its Motion—a factual Rule 12(b)(1) challenge to the Court's subject matter jurisdiction—is unavailable here because Section 2401(b)'s limitations period is nonjurisdictional. Thus, the Court cannot resolve compliance with that provision as a factual challenge to subject matter jurisdiction.

The Court therefore considers whether the United States's limitations defense may instead be resolved under Rule 12(b)(6). Because the United States's position turns on evidence outside the Complaint, the Court cannot rely on Rule 12(b)(6).

Thus, if the Court is to consider the Government's evidence concerning the April 2025 mailing, Rule 12(d) requires the Court to convert that portion of the Motion to one for summary judgment under Rule 56 and provide the parties an opportunity to submit pertinent materials.

*1. Rule 12(b)(1) does not provide a basis to resolve the § 2401(b) defense*

The distinction between facial and factual jurisdictional attacks does not change the nature of § 2401(b)'s deadline. *T*he FTCA's time limitations are nonjurisdictional. *Wong*, 575 U.S. at 405, 412. Thus, whether Ganiaris complied with § 2401(b) does not determine the Court's subject matter jurisdiction.

Accordingly, even though the United States presents evidence outside the Complaint and asks the Court to weigh that evidence as part of a factual attack, the Court may not resolve the limitations defense through Rule 12(b)(1). Put differently, the Government cannot obtain

resolution of a nonjurisdictional limitations defense through the evidentiary framework that applies to a factual challenge to jurisdiction. The Court must instead consider whether the defense can be resolved under the rules governing an ordinary statute of limitations defense.

2. *The limitations defense cannot be resolved on the pleadings*

The Court therefore considers whether the United States's limitations defense can be resolved under Rule 12(b)(6). A statute of limitations defense may be resolved at the pleading stage only when the time bar is apparent from the face of the complaint. *See Robinson*, 313 F.3d at 135. That is not the case here.

The Complaint alleges that Plaintiffs were not notified of the disposition of the administrative claim until July 25, 2025, and that suit was filed within six months of that notice. Compl. ¶¶ 6–7. Section 2401(b), however, measures the six-month period from "the date of mailing, by certified or registered mail," of the final denial—not from the claimant's receipt of notice. 28 U.S.C. § 2401(b). Thus, Plaintiffs' allegations concerning when they *received* notice do not themselves establish that this action was timely. But neither do they establish that it was untimely, either. Whatever the ultimate significance of those allegations under § 2401(b), the Complaint itself does not establish the Government's asserted April 2025 mailing date or that the EPA sent the final denial by certified or registered mail at that time.

Again, to establish those facts, the United States relies on the Redden Declaration, agency correspondence, and postal tracking materials. *See generally* D.Es. 13-7 to 13-14. For example, the Government relies on the Redden Declaration and EPA correspondence to establish that the final denial was sent on or about April 10, 2025, and on USPS tracking information to support its account of that mailing. *See* Mot. at 8–9, 14. The Government's own argument therefore requires the Court to look beyond the allegations in the Complaint to determine the fact that triggers its limitations theory: when the EPA mailed the final denial in the manner prescribed by § 2401(b).

Because the asserted time bar is not apparent from the face of the Complaint, the Court cannot resolve the limitations defense under Rule 12(b)(6) on the pleadings alone. *See Robinson*, 313 F.3d at 135.

*3. The Court will convert the limitations issue under Rule 12(d)*

That leaves the Court with two options: exclude the Government's outside materials and decline to resolve the limitations defense at this stage, or consider those materials under the summary judgment framework. Rather than exclude the materials on which the United States relies, the Court will treat the § 2401(b) portion of the Motion as one for summary judgment under Rule 56. Because the Court is considering the nonjurisdictional limitations defense under Rule 12(b)(6), consideration of matters outside the pleadings triggers Rule 12(d). The Court will therefore give the parties express notice of conversion and an opportunity to submit all materials pertinent to the limitations defense. *See* Fed. R. Civ. P. 12(d); *Rockefeller*, 184 F.3d at 287–88.

Conversion changes only the procedural framework; it does not resolve the merits of the Government's defense. The Court does not now decide whether the April 2025 mailing satisfied § 2401(b) and began the six-month period, what effect, if any, EPA's subsequent July 2025 communications and remailing have on that analysis, or whether equitable tolling applies. Nor does the Court determine at this stage whether the Government's evidence establishes those matters without a genuine dispute of material fact. Those questions will be addressed on the converted motion after the parties have had a reasonable opportunity to develop the Rule 56 record.

## III. CONCLUSION AND ORDER

Accordingly,

**IT IS** on this **2nd** day of **October** 2026,

**ORDERED** that the Report and Recommendation, D.E. 22, is **ADOPTED**; and it is further

**ORDERED** that Plaintiff Elpida LLC's claims are **DISMISSED** ***without prejudice***; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(d), the Court gives the parties notice that it will treat the portion of the United States' Motion to Dismiss, D.E. 13, asserting that Plaintiff Peter Ganiaris's claims are untimely under 28 U.S.C. § 2401(b) as a motion for summary judgment under Federal Rule of Civil Procedure 56; and it is further

**ORDERED** that, on or before **October 16, 2026**, the United States shall file a statement of material facts that complies with Local Civil Rule 56.1. The United States may cite the evidence already submitted with its Motion and need not refile that evidence; and it is further

**ORDERED** that, on or before **November 6, 2026**, Plaintiff Peter Ganiaris shall file any opposition to the converted motion. His submission shall include a response to the United States' statement of material facts as required by Local Civil Rule 56.1 and may include a brief, declarations, documents, or other evidence concerning the issues raised by the Motion, including the mailing of EPA's final denial, EPA's subsequent communications and mailing in July 2025, and whether equitable tolling applies; and it is finally

**ORDERED** that the United States may file a reply on or before **November 13, 2026**.

Evelyn Padin, U.S.D.J.